```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 08-60453-CIV-ZLOCH
                         MAGISTRATE P. A. WHITE
```

LARRY SPELLS,                         :

      Plaintiff,              :

v.                                    :        REPORT OF
                                                                                              MAGISTRATE JUDGE
JERRY MITCHELL,                       :
et al.,
      Defendants.             :
_____

     The pro-se plaintiff, Larry Spells, filed a civil rights complaint pursuant to 42 U.S.C. §1983 (De# 1).[1] The gravamen of the complaint is that Spells was visited in prison by Jerry Mitchell, a notary public and his wife Barbara Mitchell, and duped him into signing a warranty deed to his mother's home. The plaintiff is seeking an investigation, and is attempting to claim his inheritance. The plaintiff did not file a motion to proceed in forma pauperis, or pay the Clerk's filing fee.

     This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

                                II.  Analysis

    A.  Applicable Law for Screening

     As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

---

[1] The plaintiff filed three other similar complaints assigned to different judges and a Report will be entered in those cases.

>Sec. 1915 Proceedings in Forma Pauperis
>
>\* \* \*
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>\* \* \*
>
>(B) the action or appeal –
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights

suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).     Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).  The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings

3

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. At 1964.

### B. Factual Allegations

The plaintiff names as defendants Jerry Mitchell, a notary public, his wife Barbara Mitchell, and Evelena Spells, both otherwise unidentified. The plaintiff alleges that he was a beneficiary of his mother's estate and that the defendants fraudulently obtained his signature on a warranty deed to his mother's home, thereby depriving him of his inheritance.

### C. Analysis of Sufficiency of Complaint

All the named defendants are immune from a §1983 suit. The plaintiff must demonstrate that he has been deprived of a federally protected right by a person acting under "color of state law". <u>Polk County v Dodson</u>, 454 U.S. 312 (1981). Clearly, none of the named defendants were acting under color of state law. Further, there is no constitutional right to claims to an inheritance. The plaintiff may be able to obtain relief in the state courts.

### III. Conclusion

It is therefore recommended that this case be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 7th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Larry Spells, Pro Se
    DC#056929
    Hendry CI
    Address of Record